## Louis Desch, Plaintiff in Error, v. Peter Nielsen, Defendant in Error.

## Gen. No. 16,278.

MUNICIPAL COURT—*when final judgment rendered on review.* If a case is tried in the Municipal Court without a jury and the finding is for the defendant, the Appellate Court will upon finding that the judgment should have been for the plaintiff, enter judgment for the plaintiff for the amount shown by the evidence to be due him.

Error to the Municipal Court of Chicago; the HON. HUGH T. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed. Opinion filed February 6, 1912.

JOHN J. POULTON, for plaintiff in error; FRANCIS J. SULLIVAN, of counsel.

No appearance for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought in the Municipal Court of Chicago for six months' rent claimed to be owing by the defendant in error to the plaintiff in error. A set-off was claimed by the defendant in error for lace curtains, window shades and stove pipe, left by the defendant in error on the premises when the same were vacated by him, and alleged to have been purchased from the defendant in error by the plaintiff in error; for board claimed to have been furnished by the defendant in error to the plaintiff in error and his wife some years previous, when the defendant in error was living in Germany; for a water tax claimed to have been paid by him, and storage charges on furniture also claimed to have been paid by him. There was a finding in the court below in favor of the defendant below on the set-off for one dollar and fifty cents.

We are asked to reverse this finding and enter a judgment in this court for the amount of the demand of the plaintiff in error. The record shows conclusively that the rent was due and owing. A careful examination of the record does not show that the defendant in error proved any of the items of his set-off. There was no agreement shown for the purchase of the curtains, shades or stove pipe. There was nothing to show that the defendant in error was authorized to pay the water tax or the storage charges on the furniture. There was no legal proof establishing the claim of the defendant in error for the board included in the claim of set-off. The court below should have entered a judgment for the plaintiff in error, and the

case will therefore be reversed and a judgment entered in this court in favor of the plaintiff in error, Louis Desch, and against the defendant in error, Peter Nielsen, for the sum of $60.

*Reversed.*